**Shalev Amar (022332)**
**samar@amarlawgrp.com**
**Henry Vorderbruggen (034310)**
**hvorderbruggen@amarlawgrp.com**
**Amar Law Group, PLLC**
**40 W. Baseline Road, Suite 203**
**Tempe, AZ 85283**
**(480) 237-2744**
**(866) 226-1333 (facsimile)**
**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Ronald and Karen Meiller,** | Case No.: |
| Plaintiffs, | **COMPLAINT -** |
| vs. | **VIOLATION OF THE MAGNUSON MOSS WARRANTY ACT, COMMON LAW BREACH OF WARRANTY,** |
| **Winnebago Industries, Inc. d/b/a Winnebago of Indiana, LLC and La Mesa R.V. Center, Inc. (Yuma),** | **BREACH OF IMPLIED WARRANTIES, AND REVOCATION OF ACCEPTANCE** |
| Defendants. | |

1. The District Court has jurisdiction to hear this matter under 28 U.S.C. §1331 as there is a federal question pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301 *et seq*. Jurisdiction is also conferred through 15 U.S.C. §2310(d) as the amount in controversy exceeds $50,000.00; and through diversity of citizenship. The Court has pendent jurisdiction over the revocation and common law breach of warranty claims.

2. Plaintiffs, Ronald and Karen Meiller ("Plaintiffs"), are consumers who reside in the State of Arizona.

Complaint - 1

3. Codefendant, Winnebago Industries, Inc. d/b/a Winnebago of Indiana, LLC ("Winnebago") is a foreign corporation authorized to do business in the State of Arizona. Winnebago is engaged in the manufacture, assembly, integration, sale, supply and distribution of fully integrated motor homes and attendant warranties. Winnebago supplies its products and services to the Arizona consuming public through its authorized dealerships and repair agents,

4. Codefendant La Mesa RV Center Inc. (Yuma) ("La Mesa") is an Arizona corporation. La Mesa operates dealerships engaged in the sale and repair of motor homes.

5. Winnebago unilaterally selected and then installed, integrated and modified all components used to construct the subject Motor Home.

6. On January 27, 2018, Plaintiffs purchased from La Mesa a new 2018 Winnebago Itasca VIN #: 1F65F5DYXH0A18604 (the "Itasca"), manufactured, warranted and supplied by Winnebago, for a total price of $204,795.57 inclusive of financing financed charges.

7. In connection with Plaintiffs' purchase of the Itasca, Winnebago issued and supplied to Plaintiffs its written warranty. Winnebago and La Mesa intended Plaintiffs to view the fact the Itasca was "warranted" as an assurance of the Itasca's quality, thereby inducing Plaintiffs' purchase.

8. In addition, under Winnebago's repair or replacement warranty, Winnebago and its repair agents and were required by common law and statute to perform adequate and competent repairs or replacements within a reasonable opportunity and time, as

competent repairs within a reasonable opportunity/amount of time is the essential purpose of warranties restricted to repair or replacement of defective parts.

9. Shortly after Plaintiffs took possession of the Itasca they experienced numerous defects and conditions including defects and conditions with: wheels and tires (3 repair attempts), panels (3 repair attempts), refrigerator (3 repair attempts), slide outs (3 repair attempts), water heater (3 repair attempts), dinette table (2 repair attempts), trim (2 repair attempts), fan (2 repair attempts), cabinet (2 repair attempts), doors (2 repair attempts), mirrors (2 repair attempts), roof ( 2 repair attempts), transmission, junction block, stove, windshield, exterior body, shower door, bed, doors, vent grill, shower, hood, vibration condition, roof, bed shocks, awning, seats and shade.

10. Despite its short time in service, the Itasca has been the repair shop approximately one hundred thirty-nine (139) days and counting.

11. Despite its excessive repair history, the Itasca remains in a non-conforming defective condition. The unit is currently in the repair shop due, among other things, to continuing defects with the cabinetry.

12. The Itasca's numerous defects and its repeated inadequate repairs constitute substantial impairment in the use and value of the subject Motor Home to Plaintiffs.

13. Plaintiffs were further damaged by canceling several planned trips because of the defective condition of the Itasca and by being without benefit of the use of a Motor Home they paid for.

14. Plaintiffs provided Winnebago and La Mesa, through their authorized repair agents, a sufficient opportunity to repair the defects, non-conformities and conditions within the Itasca.

15. Despite being given more than a reasonable number of attempts/reasonable opportunity to cure said defects, non-conformities and conditions, Winnebago and La Mesa failed to do so. As such, the Itasca's warranty failed its essential purpose.

16. Winnebago and La Mesa's failure to correct said defects violates Winnebago and La Mesa's statutory and common law duties to Plaintiffs and the expectations created by Winnebago and La Mesa's promotional documents and warranties.

17. As a result of the ineffective repair attempts made by Winnebago and La Mesa through their repair agents and designates, the Itasca cannot be utilized as intended by Plaintiffs at the time of acquisition.

18. On August 14, 2018, Plaintiffs provided Winnebago and La Mesa additional written notification of the defects within the subject Motor Home and Plaintiffs' lawful demand for compensation.

19. Plaintiffs and Winnebago were unable to reach an accord.

20. Plaintiffs likewise provided La Mesa written notification of their revocation of acceptance of the Itasca in August 14, 2018.

21. La Mesa refused Plaintiffs' request for revocation.

22. Plaintiffs have been and will continue to be financially damaged due to Winnebago and La Mesa's failure to conform the Itasca to its warranty as Plaintiffs did

not receive the basis of their bargain for a new Itasca, but instead were saddled with an Itasca riddled with defects akin to an improperly maintained high mileage used Motor Home of a much lesser value.

23. Plaintiffs have met all legal and enforceable obligations and preconditions provided in Winnebago warranty and applicable law. As a direct and proximate result of Winnebago's failure to comply with its written warranty, statutory obligations, and common law duties, Plaintiffs have suffered damages and, in accordance with 15 U.S.C. §2310(d), Plaintiffs are entitled to bring suit for such damages and other legal and equitable relief.

24. Plaintiffs demand a trial by jury.

## COUNT I
## BREACH OF WRITTEN WARRANTY
## PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT:
## CODEFENDANT WINNEBAGO

25. Plaintiffs re-allege and incorporate by reference paragraphs 1-24 in this Complaint.

26. Defendant Winnebago failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

27. Winnebago did not repair the Itasca's defects and conditions within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs request that the Court:

   a. An award of diminution in value damages;

   b. All incidental and consequential damages;

c. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. §2310 (d)(2); and,

d. Grant all other relief deemed just and appropriate.

## COUNT II
## COMMON LAW BREACH OF WARRANTY
## CODEFENDANT WINNEBAGO

28. Plaintiffs re-allege and incorporate by reference paragraphs 1-28 in this Complaint.

29. Winnebago failed to comply with its duties and obligations under its written warranty. Additionally, the warranty has failed of its essential purpose.

30. Winnebago did not repair the defects and conditions herein within a reasonable number of attempts or time.

WHEREFORE, Plaintiffs pray for the following relief against Defendant Winnebago for its written warranty breach:

a. An award of diminution in value damages;

b. All incidental and consequential damages;

c. All attorneys' fees, expert fees and court costs incurred during the commencement and prosecution of this matter pursuant to A.R.S. § 12-341 and A.R.S. § 12-341.01; and,

d. All other relief deemed justified by this Court.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT LA MESA

31. Plaintiffs re-allege and incorporate by reference paragraphs 1-31 of this Complaint.

32. No supplier may disclaim or modify any implied warranty to a consumer with respect to such consumer product if at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product. *See* 15 U.S.C. § 2308 (a).

33. La Mesa entered into a service contract with Plaintiffs at the time of sale which applies to the Itasca.

34. Any attempts to disclaim the implied warranty of merchantability by La Mesa are invalid. 15 U.S.C. § 2308 (c) ("A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this chapter and State law").

35. Because of its defects and repair history, the Itasca is not fit for its ordinary purpose of Motor Homing and is not of adequate quality.

36. La Mesa breached the implied warranty of merchantability to Plaintiffs.

WHEREFORE, Plaintiffs request that the Court:

    a. Enter judgment against La Mesa RV for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

  b. Grant Plaintiff all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

  c. Grant all other relief deemed just and appropriate.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. § 2308): CODEFENDANT LA MESA

41. Plaintiffs re-allege and incorporate by reference paragraphs 1-40 of this Complaint.

42. Plaintiffs made La Mesa's sales agents aware that Plaintiffs were purchasing the Itasca to vacation in, travel in extensively and take planned trips in and relied on said agents' skill and judgment to select the subject Itasca as suitable for these purposes.

43. La Mesa's sales agents assured Plaintiffs the Itasca was fit for these express purposes.

44. Because of its defects and repair history the Itasca was not fit for the particular purposes of vacationing in, traveling in, and taking planned trips in.

45. La Mesa breached the implied warranty of fitness for a particular purpose to Plaintiffs.

WHEREFORE, Plaintiffs requests that the Court:

  a. Enter judgment against La Mesa for all diminution in value, actual, incidental and consequential damages to which Plaintiffs are entitled;

b. Grant Plaintiffs all reasonable attorneys' fees, litigation costs and expenses pursuant to 15 U.S.C. § 2310(d)(2); and,

c. Grant all other relief deemed just and appropriate.

**COUNT V**
**REVOCATION OF ACCEPTANCE PURSUANT TO A.R.S. § 47-2608**
**CODEFENDANT LA MESA**

46. Plaintiffs re-allege and incorporate by reference paragraphs 1-45 of this Complaint.

47. La Mesa RV's tender of the Itasca was substantially impaired to Plaintiffs due to the unit's defects and non-conformities.

48. Plaintiffs accepted the Itasca on the reasonable assumption that any nonconformities within the motorhome would be seasonably cured.

49. The nonconformities herein have not been seasonably cured.

50. Plaintiffs' acceptance of the Itasca was reasonably induced by the difficulty of discovering the Itasca's nonconformities before acceptance and by seller's assurances regarding the quality of the Itasca.

51. Plaintiffs' revocation of acceptance occurred within a reasonable time after discovering the grounds for revocation and before any substantial change in condition of the Motor Home which was not caused by its own defects.

52. Plaintiffs have notified La Mesa of the revocation.

WHEREFORE, pursuant to A.R.S. §47-2608, Plaintiffs pray that La Mesa be ordered to:

a. Accept Plaintiffs' revocation of acceptance, return all monies paid towards the subject motorhome and remove any outstanding loan balance in exchange for return of the Motor Home;

b. All incidental and consequential damages;

c. Pay all reasonable court costs and attorneys' fees pursuant to A.R.S. §12-341 and A.R.S. §12-341.01; and,

d. Provide any other relief deemed just and appropriate.

**RESPECTFULLY SUBMITTED** this 25th day of October, 2018

By: /s/ *Shalev Amar, Henry Vorderbruggen*

Shalev Amar
Henry Vorderbruggen
Amar Law Group, PLLC
40 W. Baseline Road, Suite 203
Tempe, AZ 85283
(480) 237-2744
(866) 226-1333 (facsimile)
Attorney for Plaintiffs